JANUARY TERM, 1884, No. 243.    APRIL 29, 1884.

## Sunbury Steam Ferry and Tow-Boat Company v. Heim.

1. The powers of a corporation are to be found in its charter alone, and cannot be created or extended by implication.

2. A penal statute must be strictly construed.

3. The charter of a corporation provided that "the said company shall be and they are hereby authorized to charge such rates of fare and tolls for the carrying of passengers, freight, merchandise, live stock, vehicles, and every species of property, and for the towing boats, rafts, arks, &c., as their board of managers shall direct," and further provided, that "all persons except the agents or employés of said com-

pany are hereby prohibited from pushing, rowing, or towing any boat, raft, float, ark, flat, or other vessel, laden or unladen, for pay, gift, or reward over the said Susquehanna river, to or from any point opposite or within the limits of the borough of Sunbury, &c.," under a penalty of $20. *Held,* that although it gives the corporation the monopoly of transporting for hire every species of floating craft or vessel, it does not prohibit any person from towing or rowing his own boat across the river, whether laden or unladen, and does not create a general monopoly of the carrying business.

4. If there were a doubt concerning the construction of the above provisions in the charter, that doubt would be resolved in favor of the public.

Before GORDON, PAXSON, TRUNKEY, STERRETT, and GREEN, JJ.; MERCUR, C. J., and CLARK, J., absent.

Error to the Court of Common Pleas of *Northumberland County.*

Appeal from judgment of A. N. Brice, justice of the peace, entered against George W. Heim, for violation of the provisions of the eighth section of the act to incorporate the Sunbury Steam Ferry and Tow Boat Company, passed April 5, 1870.

On the trial in the court below, the following facts appeared:

The plaintiff company was incorporated by act of 5th April, 1870, P. L., 871, which provided, *inter alia,* as follows:

SECTION 6. That said company shall be, and they are hereby, authorized to charge such rates of fare and tolls for the carrying of passengers, freight, merchandise, live stock, vehicles, and every species of property, and for the towing boats, rafts, arks, &c., conveyed by them, as their board of managers shall direct, &c.

SECTION 8. That said company shall keep the said landings and ferry in good condition for the accommodation of the public; and for the better protection of the same, all persons except the agents or employés of said company are hereby prohibited from pushing, rowing, or towing any boat, raft, float, ark, flat, or other vessel, laden or unladen, for pay, hire, gift, or reward over the said Susquehanna river, to or from any point opposite or within the limits of the borough of Sunbury aforesaid, and if any person shall be guilty of a violation of this act, they shall, for each and every conviction thereof, forfeit and pay the sum of twenty dollars, to be recovered before any court of record or justice of the peace of this Commonwealth, as debts of like amount are recovered, the one half to be paid to the informer, who shall sue

therefor, and the other half to the use of the said borough of Sunbury.

On August 5, 1879, the council of the borough of Sunbury passed the following resolution:

"On motion of W. C. Packer, resolved that permission be and is hereby granted to George W. Heim, to ferry with a steamboat from Arch street landing, on the river Susquehanna, to a point below Ira T. Clement's landing, on the berm bank side of the Pennsylvania canal, and from either of the above-named points, to and from the borough of Northumberland, and any intermediate points."

After the passage of this resolution, the defendant ran a steamboat with a screw propeller, carrying passengers across the river, within the borough limits, for hire.

The Court thereupon charged the jury, *inter alia*, as follows:

"At present I have only to say that it seems to me it is plain that the act only prohibits the pushing, rowing, or towing any boat, raft, float, ark, flat, or other vessel for pay or hire. For instance, a person on this or the other side of the river has a boat, raft, float, or an ark that he desires to have towed across the river from one side to the other—no one would have the right, according to this act of Assembly, to either push, row, or tow it for hire, except an agent or employé of the Steam Ferry and Tow Boat Company, and for so towing he would be liable to a penalty of $20."

"It seems to me, at present, that this was all that was intended by the Legislature when it passed the act incorporating the Sunbury Steam Ferry and Tow Boat Company, and inasmuch as it has not been proved by any testimony in the case that George W. Heim, the defendant, either pushed, rowed, or towed any boat, raft, float, ark, flat, or other vessel, either laden or unladen, for pay, hire, gift, or reward, over the Susquehanna river, to and from any point opposite or within the limits of the borough of Sunbury, aforesaid, your verdict will have to be in favor of the defendant. You will, therefore, render a verdict for the defendant, and the Court will direct a motion for a new trial, when this case will be fully considered."

Counsel for plaintiff excepted to the above charge.

October 1, 1883, verdict for defendant, upon which judgment was afterwards entered.

Plaintiff then took out a writ of error, and assigned as

[Sunbury Steam Ferry and Tow-Boat Company *v.* Heim.]

error the charge of the Court and the direction to the jury to find a verdict in favor of the defendant.

*S. P. Wolverton* for plaintiff in error.

The whole act of incorporation must be construed together. The prohibition against pushing, rowing, and towing any boat for pay or hire includes a boat propelled by a screw propeller. If this is not a technical "pushing," it comes within the intention of the act. Statutes are to be construed so as to best effectuate the intention of the makers: Improvement Company *v.* Commonwealth, 13 Norris, 450 ; People *v.* Insurance Company, 15 Johns., 358 ; 1 Kent's Com., 462 ; Whitney *v.* Whitney, 14 Mass., 91 ; Potter's Dwarris on Statutes, 231–262.

The plain construction of the whole act is that the plaintiff company should have the exclusive privilege of ferrying passengers and towing boats.

The borough council never had the power to grant the privilege ; but if they had, so much of the act incorporating the borough as conferred such authority was repealed by the act incorporating the plaintiff.

*W. C. Packer* and *William A. Sober* for defendant in error.

Under the act of incorporation, it is the duty of the borough to establish and maintain a public ferry. From the express letter of the act incorporating the plaintiff company, it was intended by the Legislature to be limited to the towing traffic. Two classes of employments are mentioned in the sixth section, viz: "towing" and "carrying." The eighth section prohibits "towing," but not "carrying." A legislative grant will not be deemed exclusive unless the intention is perfectly clear : Johnson *v.* Crow, 6 Norris, 184. An act which operates retrospectively to take what is, by existing law, one man's, and, without his consent, transfer it to another, violates the bill of rights : Palairet's Appeal, 17 P. F. Sm., 479 ; Norman *v.* Heist, 5 W. & S., 171 ; Finney *v.* Somerville, 30 P. F. Sm., 59 ; Evans *v.* Erie Co., 16 *Id.*, 222 ; Canal Co. *v.* Landis, 9 Watts, 228 ; Plymouth *v.* Jackson, 3 Harris, 44 ; Richards *v.* Rote, 18 P. F. Sm., 248 ; Saving Fund *v.* Philadelphia, 7 Casey, 185 ; Bank *v.* Pittsburgh, 1 Wr., 340 ; Navigation Company *v.* Coon, 6 Barr, 379 ; Attorney General *v.* Turnpike Road, 5 P. F. Sm., 466.

The grant to the plaintiff must be strictly construed : Com'th *v.* R. R. Co., 3 Casey, 339 ; Penna. R. R. Co.'s Appeal, 12 Norris, 150 ; Maris *v.* Railway Co., 10 Phila.,

[Sunbury Steam Ferry and Tow-Boat Company v. Heim.]

41 ; Whitaker v. Canal Co., 6 Norris, 34 ; *in re* Bridge Co., 10 *Id.*, 216.

The Legislature cannot take away the prior right of the borough without compensation : Pickering v. Rutty, 1 S. & R., 511 ; University v. Robinson, 12 S. & R., 29 ; Carr v. Wallace, 7 Watts, 394 ; Appeal of Borough of Easton, 11 Wr., 255 ; Haldeman v. R. R. Co., 14 Wr., 425 ; Craig v. Allegheny, 3 P. F. Sm., 477 ; McClinton v. R. R. Co., 16 *Id.*, 404 ; Harrisburg v. Crangle, 3 W. & S., 460.

The right of eminent domain will not be presumed to exist : Phillips v. R. R. Co., 28 P. F. Sm., 177 ; Mifflin v. Railroad Co., 4 Harris, 182.

The Susquehanna river is public highway : Com'th v. Richter, 1 P. & W., 462. The rights of the borough cannot be impaired by the act of 1870 : Com'th v. Water Co., 13 Norris, 516.

The rights and privileges secured to plaintiff by charter should be limited to the "towing of boats, rafts, arks, &c." Had the charter proposed more, it would have been invalid so far as it conflicted with the rights of the borough. The borough having granted to defendant the right to carry passengers, he is protected by the act of its incorporation.

May 26, 1884, the opinion of the Court was delivered by GORDON, J.:

There are two rules of law to which this court has steadfastly adhered, and which by this time ought to be pretty generally known to the Pennsylvania bar : one is, that the powers of a corporation are to be found in its charter alone, and cannot be created or extended by implication; the other is, that a penal statute must be strictly construed. The reversal of the court below would involve a disregard of both these rules. If we examine the charter of the company plaintiff, we will find that whilst it has the power to carry passengers, freight, &c., and charge tolls therefor, that power is not exclusive. Its privileges as a transporter will be found in the sixth section of the act of incorporation, which reads as follows : "The said company shall be, and they are hereby authorized to charge such rates of fare and tolls for the carrying of passengers, freight, merchandise, live stock, vehicles, and every species of property, and for towing boats, rafts, arks, &c., as the board of managers shall direct." An analysis of this section will show that the privileges as therein recited are divisible into two dis-

[Sunbury Steam Ferry and Tow-Boat Company *v.* Heim.]

tinct classes; first, the carrying of passengers, freight, merchandise, &c.; second, the towing of boats, rafts, &c., and the essential difference in the methods of transportation is marked by the words "carrying" and "towing." Then, when we turn to the eighth section, which is penal in its character, and designed to protect the business of the company, we find it does not embrace the first class as mentioned in the preceding section, but only the second. The prohibition is against "pushing, rowing, or towing any boat, raft, ark, float, flat, or other vessel, laden or unladen, for pay, hire, gift, or reward, over the said Susquehanna river."

But there is here no specific prohibition against the carrying of passengers, freight, merchandise, &c. This omission is significant, and, as we think, reveals the legislative intention. It was thought proper to give the company the monopoly of transporting for hire every species of floating craft or vessel from the one side of the river to the other, and in order to accomplish this a penalty was imposed upon all others who should engage in a like business of transportation for hire. But it does not prohibit any person from towing or rowing his own boat across the river, whether laden or unladen. Had the Legislature designed to confer upon the plaintiff a general monopoly of the carrying business, it certainly would not have omitted from the eighth section the prominent and most important feature of the sixth. This omission shows conclusively that, for the welfare of the public, the carrying of freight and passengers was left open to competition. Even were there a doubt concerning this, it would, under the well-settled rules above stated, be our duty to resolve that doubt in favor of the public. The plaintiff is not entitled to what the statute does not clearly give it, and, on the other hand, the penalty cannot be imposed on the defendant if we have any serious hesitancy as to whether he has or has not done that which subjects him to its imposition. The judgment is affirmed.